**Joseph B. BERGEN, Plaintiff-Appellant,**

v.

**B. Avant EDENFIELD,
Defendant-Appellee.**

**No. 82–8396
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 28, 1983.
Rehearing and Rehearing En Banc
Denied June 3, 1983.

Joseph B. Bergen, pro se.

Edward S. Szukelewicz, Washington, D.C., for defendant-appellee.

Barbara L. Herwig, Appellate Staff, Civil Div., Washington, D.C., for amicus United States.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, the district court dismissed an action brought by Joseph Bergen, a member of the bar of the Southern District of Georgia, against the Honorable B. Avant Edenfield, a federal judge in that district. The complaint focused on Judge Edenfield's decision in 1981 to cease performing any judicial duties pending the completion of a grand jury investigation in which his name and the name of his former law firm reportedly had surfaced, and his subsequent decision in June 1982 after the grand jury failed to indict him to resume sitting as a judge.

Plaintiff Bergen sought a declaration that Judge Edenfield had forfeited his office, an order requiring Judge Edenfield to return all compensation received from the federal government since December 8, 1981, "when he vacated his office," and an injunction prohibiting Judge Edenfield from performing any further judicial functions and from receiving any additional pay. Terming the complaint "frivolous and malicious," the district court *sua sponte* dismissed the action. Concluding that Bergen lacks standing and that neither the Constitution nor any congressional enactment provides for the relief sought by plaintiff, we affirm.

In asserting that he has standing to bring this action, Bergen cites his status as both a taxpayer and a member of the bar of the court on which Judge Edenfield sits. Neither basis is sufficient to furnish standing in this case.

■ To obtain standing as a taxpayer, a plaintiff must complain about an action taken by Congress pursuant to its taxing and spending authority and must demonstrate a specific constitutional limitation upon that authority which Congress has exceeded. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 478–79, 102 S.Ct. 752, 761–62, 70 L.Ed.2d 700, 713–14 (1982); *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 227–28, 94 S.Ct. 2925, 2935–2936, 41 L.Ed.2d 706 (1974); *United States v. Richardson,* 418 U.S. 166, 172–73, 94 S.Ct. 2940, 2944–2945, 41 L.Ed.2d 678 (1974); *Flast v. Cohen,* 392 U.S. 83, 102–03, 88 S.Ct. 1942, 1953–1954, 20 L.Ed.2d 947 (1968). Bergen has not satisfied either requirement. He is challenging the conduct of a judge, not an enactment by Congress under its spending and taxing authority. While he asserts that Judge Edenfield is not entitled to compensation, he does not claim that the congressional appropriation of funds to pay the salaries of federal judges is somehow unconstitutional in this context, but rather that Judge Edenfield's actions deprive him of the right to receive compensation under an unchallenged enactment. *See Valley Forge Christian College,* 454 U.S. at 479, 102 S.Ct. at 762, 70 L.Ed.2d at 714 (denying taxpayer standing where complaint centered on decision of agency within executive branch to transfer parcel of federal property, not on a congressional enactment); *Schlesinger,* 418 U.S. at 228, 94 S.Ct. at 2935–2936 (denying taxpayer standing where complaint centered on action of executive branch in permitting members of Congress to remain in the Armed Forces Reserves). *See also Public Citizen, Inc. v. Simon,* 539 F.2d 211, 216–19 (D.C.Cir.1976) (denying taxpayer standing to challenge payment of federal salaries to White House aides while they allegedly were devoting virtually all their time to the reelection campaign, not their official duties).

■ With respect to Bergen's status as an attorney admitted to practice before the court on which Judge Edenfield sits, the Supreme Court has foreclosed standing on this basis. In *Ex parte Lévitt,* 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937), a member of the Supreme Court bar moved to prevent

Justice Black from sitting on the Court, alleging that his appointment violated the ineligibility clause of the Constitution, U.S. Const. art. I, § 6, cl. 2, and that no vacancy existed for which a lawful appointment could be made. The Court denied the motion, reasoning that the attorney lacked standing because he had no greater interest in the appointment than any other citizen or member of the bar. *Ex parte Lévitt,* 302 U.S. at 634, 58 S.Ct. at 1. Similarly, Bergen's complaint alleges no more than a common interest shared by all in whether Judge Edenfield stays in office and retains the pay he has received. Although Judge Edenfield held Bergen in criminal contempt in a prior, unrelated proceeding, the outcome of this lawsuit could not affect the validity of the contempt citation, since the order holding Bergen in contempt preceded the date on which Bergen claims Judge Edenfield "resigned", *i.e.,* the date on which Judge Edenfield temporarily ceased performing his judicial functions. Asserting merely a generalized grievance, Bergen thus lacks the personal stake necessary for standing. *See Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1607–1608, 60 L.Ed.2d 66 (1979); *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978); *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962); *Massachusetts v. Mellon,* 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923).

■ Even if Bergen has standing to bring this suit, there is no law to apply. The only mechanism for removal of a federal judge provided in the Constitution is the impeachment process. U.S. Const. art. II, § 4. The one provision in the Constitution relating to the pay of federal judges provides that compensation shall not be diminished while the judge continues in office. *Id.* art. III, § 1. Even if the Constitution authorized Congress to provide the relief sought by Bergen, Congress has never given a district court the power in a civil action to enjoin an Article III judge from continuing to sit on the bench, or to order him to return compensation previously paid. *Cf.*

28 U.S.C.A. § 372(c)(6)(B) (authorizing the judicial council of a United States Court of Appeals to impose various sanctions against a judge within the circuit, but expressly prohibiting the council from removing the judge). There is simply no legal basis for this suit.

The district court quite properly dismissed the complaint *sua sponte.* As stated in the brief of the United States as *amicus curiae,*

> An independent federal judiciary is an essential element of the American constitutional system. To safeguard the proper functioning of that system, the United States has a strong interest in ensuring that federal judges are not harassed by frivolous lawsuits which challenge their qualifications to continue as federal judges. A lawsuit seeking to remove a federal judge from his office and to require the judge to repay his salary at the behest of one individual is wholly without merit and contrary to established legal principles. If not terminated promptly such a suit would threaten the independence of federal judges.

■ In the alternative, Bergen asked the district court to forward his complaint to the Chief Judge of this circuit so that the judicial council of the circuit could convene and, through the extraordinary writs of quo warranto and prohibition, provide essentially the same relief as requested of the district court. Under 28 U.S.C.A. § 372(c) and 11th Cir. Rules, Addendum 3, an individual may file a complaint against a judge with the clerk of this Court. The statute and circuit rule establish a detailed procedure for the handling of the complaint by the Chief Judge of the Court and the circuit's judicial council. The district court acted properly in refusing "to act as [Bergen's] messenger in filing the complaint with the Clerk of the Eleventh Circuit Court of Appeals." Although proceeding *pro se,* the plaintiff is an attorney. The statute and Eleventh Circuit Rule for Conduct of Complaint Proceedings under 28 U.S.C.A. § 372(c) are precise and clear. The pro-

ceedings are the concern of the judicial council, not the court, and are totally separate from any authorized lawsuit or court proceeding. Such proceedings can not be initiated in either the district or the circuit court.

AFFIRMED.